**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL INDICTMENT** |
| **v.** | : | **NO. 1:11-cr-521-04-TCB-AJB** |
| | : | |
| **MARK TOMLINSON,** | : | |
| **Defendant.** | : | |

**UNITED STATES MAGISTRATE JUDGE'S ORDER**
**AND FINAL REPORT AND RECOMMENDATION**

Defendant Mark Tomlinson filed a motion, [Doc. 712], to adopt a motion to suppress previously filed by Defendant Conrad Harvey, [Doc. 154], concerning the search of 4425 Amy Drive, Snellville, Ga. In his motion, he also sought time to perfect the motion. As of the date of this R&R, Tomlinson has not perfected the motion. [*See* Dkt.].

In the Pretrial Order in this case, the Court instructed that all motions to adopt must be "accompanied by a statement specifically demonstrating the standing of the adopting party to seek the relief requested." [Doc. 75 at 12-13]. Tomlinson has not shown that he has standing to challenge the search of the residence. To challenge a seizure as violating the Fourth Amendment, a defendant must have "standing,"[1] *i.e.*, a

---

[1]     The undersigned recognizes that the Supreme Court disapproves of the use of the word "standing." *See Rakas v. Illinois*, 439 U.S. 128, 139-40 (1978); *see also*

legitimate expectation of privacy in the premises.  *See United States v. Gonzalez*, 940 F.2d 1413, 1420 n.8 (11th Cir. 1991).  Fourth Amendment rights are personal, and only individuals who actually enjoy the reasonable expectation of privacy may challenge the validity of a government search. *Rakas v. Illinois*, 439 U.S. 128, 133-34, 143 (1978); *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000).  One's standing to challenge governmental actions on Fourth Amendment grounds is a threshold question. *United States v. McBean*, 861 F.2d 1570, 1573 (11th Cir. 1988). To have standing, the defendant bears the burden of showing a legitimate expectation of privacy in the area searched. *United States v. Harris*, 526 F.3d 1334, 1338 (11th Cir. 2008); *United States v. Brazel*, 102 F.3d 1120, 1147 (11th Cir. 1997).

Because Tomlinson has not made a showing of standing, the undersigned **RECOMMENDS** that his adoptive motion to suppress, [Doc. 712], be **DENIED**.

In addition, since the Court has not been informed of any impediments to the scheduling of this case for trial, this matter is **CERTIFIED READY FOR TRIAL**.

---

*United States v. Hawkins*, 681 F.2d 1343, 1344-45 (11th Cir. 1982).  However, the undersigned will use the word "standing" when referring to whether the defendant has an expectation of privacy because the parties have used this term and courts routinely use "standing" as "shorthand for the existence of a privacy or possessory interest sufficient to assert a Fourth Amendment claim." *United States v. Daniel*, 982 F.2d 146, 149 n.2 (5th Cir. 1993).

AO 72A
(Rev.8/8
2)

**IT IS SO RECOMMENDED AND CERTIFIED**, this the 2d day of May, 2014.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)