# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **MARK TOMLINSON,** | : | **MOTION TO VACATE** |
| BOP Reg. # 62382-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:10-CR-521-TCB-AJB-4** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
|     Respondent. | : | **1:18-CV-1384-TCB-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, Mark Tomlinson, filed a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255. [Doc. 1134.][1] The Government filed a response in opposition, [Doc. 1146], and Movant filed a reply, [Doc. 1153]. Following an evidentiary hearing, the parties filed briefs. [Docs. 1197, 1199.] For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

---

[1] Citations to the record in this Final Report and Recommendation refer to case number 1:10-cr-521-TCB-AJB-4.

### I. 28 U.S.C. § 2255 Standard

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a).

"[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted). A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[2]).

---

[2]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

## II. Discussion

On October 9, 2014, a jury found Movant guilty of conspiracy to possess with intent to distribute MDMA, BZP, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D), and 846(a). [*See* Docs. 650, 942.] On April 27, 2015, the District Court filed the Judgment and Commitment, sentencing Movant to 192 months of imprisonment, followed by five years of supervised release. [Doc. 988.]

On appeal, Movant challenged "(1) whether sufficient evidence supported his conviction; (2) whether a fatal variance occurred between the single conspiracy charged in the indictment and the evidence presented at trial; (3) whether the [D]istrict [C]ourt abused its discretion in declining to give the jury [Movant's] requested multiple-conspiracies instruction; and (4) whether the [D]istrict [C]ourt erred [in] admitting evidence about [Movant's] proffer interview." *United States v. Tomlinson*, 674 Fed. Appx. 892, 894 (11th Cir. Jan. 3, 2017) (per curiam). [Doc. 1064 at 2-3.] The United States Court of Appeals for the Eleventh Circuit affirmed. *Id.* at 894, 897. [*Id.* at 3, 10.]

In his § 2255 motion, timely filed on March 30, 2018, Movant raises the following grounds for relief:

3

1. Trial counsel, R. Gary Spencer, provided ineffective assistance by failing to "advise [Movant] in connection with his post-indictment, custodial interrogation; adequately prepare for trial; communicate with [Movant] and/or allow him to participate in his own defense; and . . . convey a plea offer which would have resulted in a substantially lesser period of incarceration and which [Movant] would have accepted had he been informed of the plea offer."

2. Appellate counsel provided ineffective assistance by failing to "challenge the imposition of unjustified sentencing enhancements."

[Doc. 1134 at 4-5.] On September 17, 2020, the undersigned conducted an evidentiary hearing on a portion of ground one to determine (1) whether the Government offered to recommend a five-year sentence in exchange for a guilty plea, and (2) whether Attorney Spencer communicated the alleged offer to Movant. [*See* Docs. 1158, 1191.]

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). To demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong of *Strickland*, "a court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697. The *Strickland* standard also applies to claims of ineffective assistance of appellate counsel. *See Smith v. Robbins*, 528 U.S. 259, 285-89 (2000).

A.    **Ground One**

Movant claims that Attorney Spencer provided ineffective assistance by failing to "advise [Movant] in connection with his post-indictment, custodial interrogation; adequately prepare for trial; communicate with [Movant] and/or allow him to participate in his own defense; and . . . convey a plea offer which would have resulted in a substantially lesser period of incarceration and which [Movant] would have accepted had he been informed of the plea offer." [Doc. 1134 at 4-5.]

5

As to Movant's "post-indictment, custodial interrogation," Movant and Attorney Spencer engaged in a proffer with the Government on December 17, 2010. [Doc. 1146 at 3.] Movant signed a proffer agreement, indicating that he read it carefully, reviewed it with Attorney Spencer, understood its terms and conditions, and voluntarily agreed to participate. [*Id.* at 5-6.] Attorney Spencer also signed the agreement, indicating that he reviewed it with Movant and believed that Movant voluntarily agreed to participate. [*Id.* at 6.]

Movant now claims that Attorney Spencer performed deficiently regarding the proffer. [Doc. 1134-1 at 21-24.] However, the Government correctly explains that Movant's claim is belied by his decision to sign the proffer agreement. [Doc. 1146 at 17-22.] Moreover, Movant's only evidence of deficient performance is Movant's own self-serving affidavit executed on March 29, 2018. [Doc. 1134 at 9-13.] Even if Movant could show that Attorney Spencer performed deficiently, Movant fails to demonstrate prejudice. The Eleventh Circuit explained the following:

> [T]he evidence against [Movant] was substantial. During [Movant's] trial, the [G]overnment presented evidence regarding [Movant's] involvement in drug-trafficking activities from as early as 2007 and continuing until his arrest in 2010. Most of this evidence was based on the [G]overnment's review and presentation of evidence from more than 35,000 wiretapped phone calls, during which the [G]overnment determined four major premises about [Movant] and

6

> the drug-trafficking organization with which he was involved in the Atlanta metropolitan area: (1) that Jerome Bushay was the "cell head" of the Atlanta drug trafficking organization, that Bushay was a drug supplier, and that Bushay directed others in the distribution of drugs; (2) that Otis Henry was also a drug supplier and that he was the equivalent of a "senior vice president" in the drug-trafficking organization; (3) that [Movant] worked cooperatively with Bushay and others in the drug-trafficking organization, and that Bushay directed [Movant] to do certain drug-related tasks; and (4) that Conrad Harvey was the stash-house guard and a lower-level member of the drug-trafficking organization.
>
> In support of these allegations, the [G]overnment organized its central evidence against [Movant] around four specific episodes: the 2007 seizure of $63,000 from [Movant] at the Canadian border; the April 2010 seizure of $102,000 from Ruth Hargreaves after she met with [Movant] in the driveway of a house that he owned; [Movant's] actions following the Drug Enforcement Administration's ("DEA") October 2010 seizure of over 700,000 pills from Henry's house; and the seizure of drugs at Harvey's "stash house," which [Movant] also owned. The [G]overnment also presented evidence comparing [Movant's] nominal declared income to his extensive real and personal property, to show that [Movant] must have been making money from the drug business since his legal businesses did not explain his extensive assets. . . . [T]he evidence amply supports [Movant's] conviction for conspiracy to possess with intent to distribute controlled substances.

*Tomlinson*, 674 Fed. Appx. at 894-95. [Doc. 1064 at 3-5.] Given that evidence, it is not reasonably probable that Movant would have been acquitted if Attorney Spencer had performed differently regarding the proffer.

As to Attorney Spencer's preparation for trial, communication with Movant, and efforts to allow Movant to participate in his defense, Movant again relies solely

7

on his self-serving affidavit. [Doc. 1134-1 at 19-21.] The Government correctly points out that Attorney Spencer did not perform deficiently because he challenged the Government's case by filing a motion in limine and cross-examining witnesses at trial. [Doc. 1146 at 22-25.] Furthermore, Movant fails to demonstrate prejudice because the evidence against him was substantial. *See Tomlinson*, 674 Fed. Appx. at 894-95. [Doc. 1064 at 3-5.]

Movant's last claim in ground one is that Attorney Spencer inadequately advised him regarding a fifteen-year plea offer and never informed him of a five-year plea offer. [Doc. 1134-1 at 12-19.] "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). When counsel's incompetent advice causes a defendant to reject a plea offer and go to trial, he must show that

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 164; *see also Missouri v. Frye*, 566 U.S. 134, 147-49 (2012).

8

Movant again relies solely on his self-serving affidavit. [Doc. 1134-1 at 12-19.] Even if Movant could show that Attorney Spencer performed deficiently regarding a fifteen-year plea offer, Movant fails to satisfy the prejudice requirements of *Lafler* and *Frye*. The Government correctly argues that there is not a reasonable probability that a fifteen-year plea offer would have been presented to the District Court because Movant would not have accepted it. [Doc. 1146 at 25-27.] Movant (1) minimized his guilt during the proceedings by blaming his associates, and (2) indicated that a fifteen-year sentence would be excessive. [*Id.* at 26-27.] That conduct weighs against any claim that Movant would have accepted a specific plea offer. *See Osley v. United States*, 751 F.3d 1214, 1224-25 (11th Cir. 2014) (citing cases). Therefore, Movant fails to show a reasonable probability that he would have accepted a fifteen-year plea offer instead of going to trial.

At the evidentiary hearing, Movant testified that Attorney Spencer mentioned a five-year plea offer after Movant's trial had ended but before he was sentenced. [Doc. 1197 at 3; Doc. 1199 at 2.] However, at sentencing, Movant did not complain that Attorney Spencer had failed to communicate a five-year plea offer when it was made. [Doc. 1197 at 3-4; Doc. 1199 at 3.] Movant also admitted that he had lied under oath two times during court proceedings in his criminal case.

9

[Doc. 1199 at 3, 11.]  Attorney Spencer testified that the Government had not made a five-year plea offer, which would have been "very generous" and memorable if the Government had made it.  [*Id.* at 4-5; Doc. 1197 at 5.]

      Having observed the demeanor of the witnesses and listened to their testimony, the undersigned makes the following findings.  Movant is not credible because he (1) did not complain at sentencing that Attorney Spencer had failed to communicate a five-year plea offer when it was made, and (2) admitted that he had lied under oath two times during court proceedings in his criminal case.  Attorney Spencer is credible because his testimony is consistent with the record of Movant's criminal case, namely, the improbability that the Government would have made a five-year plea offer in light of the substantial evidence against Movant.  After considering all the evidence in this case, the undersigned concludes that Movant has failed to meet his burden to show by a preponderance of the evidence that (1) the Government offered to recommend a five-year sentence in exchange for a guilty plea, and (2) Attorney Spencer failed to communicate the alleged offer to Movant.  Therefore, Attorney Spencer did not perform deficiently regarding a five-year plea offer.

B. **Ground Two**

Movant claims that appellate counsel provided ineffective assistance by failing to "challenge the imposition of unjustified sentencing enhancements," namely, those based on (1) quantity of drugs involved, (2) possession of a firearm, (3) maintaining a premises for the purpose of manufacturing or distributing a controlled substance, and (4) leadership of the conspiracy. [Doc. 1134 at 5; Doc. 1134-1 at 1-12.] However, as the Government correctly points out, Movant fails to present any facts or arguments addressing why appellate counsel should have challenged those enhancements. [Doc. 1146 at 28-35.] Movant "merely provides boilerplate case law regarding these issues and fails to allege a single specific example of appellate counsel's ineffectiveness." [*Id.* at 28.]

Appellate counsel in a criminal case does not have a duty to raise every nonfrivolous issue requested by the client. *See Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). "There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." *Id.* at 752. Because Movant does not address why appellate counsel should have challenged his sentencing enhancements, Movant fails to show that appellate counsel performed deficiently and that he was prejudiced.

11

Accordingly, Movant should be denied § 2255 relief as to grounds one and two.

### III.   Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### IV.   Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that the § 2255 motion, [Doc. 1134], be **DENIED**, a COA be **DENIED**, and civil action number 1:18-cv-1384-TCB-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this 2d day of February, 2021.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE