IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARK TOMLINSON,<br><br>    Defendant. | CRIMINAL ACTION FILE<br><br>NO. 1:10-cr-521-TCB-4 |

# **O R D E R**

This case comes before the Court on Magistrate Judge Alan J. Baverman's report and recommendation (the "R&R") [1203], which recommends that Defendant Mark Tomlinson's motion [1134] to vacate, set aside, or correct his sentence be denied. Tomlinson has filed objections [1208].

## I.   **Legal Standard**

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*,

677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## II. Discussion

On October 9, 2014, a jury found Tomlinson guilty of conspiracy to possess with intent to distribute MDMA, BZP, and marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D), and 846(a). On April 27, 2015, this Court sentenced Tomlinson to 192 months of imprisonment followed by five years of supervised release. The United States Court of Appeals for the Eleventh Circuit affirmed Tomlinson's conviction. *United States v. Tomlinson*, 674 F. App'x 892, 894 (11th Cir. 2017).

On March 30, 2018, Tomlinson filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that he was denied his Sixth Amendment right to the effective assistance of counsel. He claims that his trial counsel Gary Spencer provided ineffective assistance by failing to (1) properly advise Tomlinson in connection with his proffer agreement, (2) adequately investigate or prepare for trial, (3) communicate effectively the Government's fifteen-year plea offer, and (4) convey a five-year plea offer. Tomlinson also claims that his appellate counsel provided ineffective assistance by failing to challenge on appeal five sentencing enhancements that were applied to Tomlinson.

On September 17, 2020, Magistrate Judge Baverman held an evidentiary hearing to determine the limited issues of (1) whether the Government offered to recommend a five-year sentence in exchange for a guilty plea, and (2) whether Spencer communicated the alleged offer to Tomlinson.

The R&R recommends denying Tomlinson's § 2255 motion on the grounds that, with respect to each claim, Tomlinson has failed satisfy

the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), for what a defendant must show to demonstrate ineffective assistance of counsel.

Tomlinson raises three objections to the R&R, each relating only to his claim regarding the alleged five-year plea offer: (1) in making his credibility determinations, the magistrate judge improperly considered the fact that Tomlinson did not raise the issue at his sentencing; (2) Spencer's testimony at the evidentiary hearing was not credible; and (3) Tomlinson met his burden of showing ineffective assistance by a preponderance of the evidence, and the Government did not rebut that showing with adequate evidence.

Tomlinson's first two objections relate to Judge Baverman's credibility determination. In finding Tomlinson to not be credible, Judge Baverman considered that Tomlinson did not complain at sentencing that Spencer had failed to communicate a five-year plea offer when it was made. He also considered Tomlinson's demeanor and the fact that Tomlinson has admitted to lying under oath during two other court proceedings in his criminal case.

Tomlinson objects, arguing that there would have been no remedy available to him at sentencing had he raised the issue; the Court would have advised him to file a § 2255 motion, which is ultimately what he has done. He also contends that his failure to raise the issue at sentencing corroborates his testimony that Spencer had informed him during their meeting to discuss the presentence report that the five-year plea offer was "water under the bridge." [1194] at 11.

Tomlinson also objects to Judge Baverman finding Spencer credible. Judge Baverman found Spencer to be credible based on his demeanor and the fact that his testimony was consistent with the record of Tomlinson's criminal case, namely the improbability that the Government would have offered Tomlinson a five-year plea deal given the substantial evidence against him. In his objections, Tomlinson points to Spencer's lack of sufficient memory regarding his representation of Tomlinson and his self-interest in ensuring that he not be found to have been ineffective.

Credibility determinations are best made by the fact finder, who has observed the testimony and the witnesses firsthand. *United States*

*v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002); *see also United States v. Thelisma*, 559 F. App'x 898, 901 (11th Cir. 2014) (emphasizing that "[b]oth the testimony and the demeanor of the witnesses are important" to credibility determinations (citing *United States v. Powell*, 628 F.3d 1254, 1256 n.6 (11th Cir. 2010))). A reviewing court should give substantial deference to the magistrate judge's credibility determinations "unless his understanding of the facts appears to be 'unbelievable,'" *Ramirez-Chilel*, 289 F.3d at 749, or is "inconsistent or improbable," *Blackburn v. United States*, No. 17-13268-D, 2018 WL 3617814, at *2 (11th Cir. Mar. 23, 2018) (citing *Rivers v. United States*, 777 F.3d 1306, 1316–17 (11th Cir. 2015)).

The Court has carefully reviewed the transcript from the September 17, 2020 evidentiary hearing, and the transcript does not provide "an articulable basis for rejecting the magistrate's original resolution of credibility." *United States v. Marshall*, 609 F.2d 152, 155 (5th Cir. 1980). Though Spencer admitted to not being able to recall the details of all of his conversations with Tomlinson, he testified unequivocally that he never received a five-year plea offer in

7

Tomlinson's case, and that if he had, it would have been memorable due to its generous nature. Moreover, as Judge Baverman pointed out, Tomlinson has admitted to lying twice under oath. And the Court does not find that Judge Baverman's consideration of Tomlinson's conduct at sentencing to be improper.

Tomlinson has not demonstrated that Judge Baverman's credibility determination was unbelievable or improbable, and as such the Court will not disturb his findings. *See also United States v. Watkins*, 981 F.3d 1224, 1235 (11th Cir. 2020) (holding that a district court may not substitute its own credibility determinations for those of the magistrate judge unless it conducts its own evidentiary hearing (citing *Powell*, 628 F.3d at 1256–57; *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1245 (11th Cir. 2007))).

Finally, Tomlinson objects to the R&R on the grounds that Spencer's testimony is unreliable and uncorroborated by competent evidence. However, Spencer's testimony is corroborated by the record of Tomlinson's criminal case. The Eleventh Circuit found the evidence against Tomlinson to be "substantial." *Tomlinson*, 674 F. App'x at 894.

8

Given the strength of the evidence against Tomlinson and his role in the conspiracy, it is improbable that the Government would have made a five-year plea offer. Further, the only evidence to support Tomlinson's claims is his self-serving testimony. Accordingly, the objection will be overruled.

### III. Conclusion

The Court has conducted a careful and complete review of the R&R, including a de novo review of those portions of the R&R to which Tomlinson objects, and finds that its factual and legal conclusions are correct. Accordingly, Tomlinson's objections [1208] are overruled and the Court adopts as its Order the R&R [1203]. Tomlinson's § 2255 motion [1134] to vacate, set aside, or correct his sentence is denied.

The Court further agrees with the magistrate judge that this Court's resolution of the issues presented in the petition is not debatable by jurists of reason. Accordingly, a certificate of appealability is denied.

The Clerk is directed to close civil action number 1:18-cv-1384.

IT IS SO ORDERED this 31st day of March, 2021.

_____
Timothy C. Batten, Sr.
United States District Judge